

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

MIDDLESEX , ss

No. MICV-2012-2597

Juliana M. Border et al , Plaintiff(s)

v.

Eastway Moving and
Storage, Inc. , Defendant(s)

*(XXX)TY SHERIFF*
*Middlesex County*

### SUMMONS

*2-27-12*
DATE OF SERVICE

To the above-named Defendant:

You are hereby summoned and required to serve upon Peter Cole

.......................... plaintiff's attorney, whose address is 180 Harvard Ave

Suite 2A, Allston, MA 02134 , an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at 200 Trade Center

Woburn, MA 01801 .......................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse, Esquire,** at ..........................

the 15th .......................... day of February

.......................... , in the year of our Lord 2012

2/15/12

Clerk

NOTES.
1 This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2 When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. - 001

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss     WOBURN SUPERIOR COURT
           CIVIL ACTION NO. MICV-2012- 0527

| | |
|---|---|
| JULIANA M. NORDER,<br>**Plaintiff** | ) <br> ) <br> ) |
| **and** | ) <br> ) |
| DARCÍRIO CORREA JÚNIOR,<br>**Plaintiff** | ) <br> ) <br> ) |
| **and** | ) <br> ) |
| ROBERTO A. de OLIVEIRA,<br>**Plaintiff** | ) <br> ) <br> ) |
| **and** | ) <br> ) |
| FLORIZE F. REYES,<br>**Plaintiff** | ) <br> ) <br> ) |
| **and** | ) <br> ) |
| REGINA C. GUIDES,<br>**Plaintiff** | ) <br> ) <br> ) |
| **and** | ) <br> ) |
| JOSÉ CLÁUDIO CORRADINI,<br>**Plaintiff** | ) <br> ) <br> ) |
| **and** | ) <br> ) |
| FÁBIO SIMI,<br>**Plaintiff** | ) <br> ) <br> ) |
| **and** | ) <br> ) |
| HERMES COSTA SANTA ROSA,<br>**Plaintiff** | ) <br> ) <br> ) |
| **and** | ) <br> ) |

LUCIANA BAUR,                        )
Plaintiff                            )
                                     )
and                                  )
                                     )
SELMA SANTA ROSA,                    )
Plaintiff                            )
                                     )
vs.                                  )
                                     )
FASTWAY MOVING AND STORAGE, INC.,    )
Defendant                            )

## COMPLAINT AND PRAYER FOR RELIEF

### Facts as Alleged to All Counts

**A. Parties**

1.      The plaintiff, Juliana M. Norder ("Norder" or "Plaintiff"), is an individual residing in

Lowell, Middlesex County, Massachusetts.

2.      The plaintiff, Darcírio Correa Júnior ("Correa Júnior" or "Plaintiff"), is an individual

residing in the city of Faxinal, in the state of Paraná, Brazil.

3.      The plaintiff, Roberto A. de Oliveira ("Oliveira" or "Plaintiff"), is an individual residing

in Lowell, Middlesex County, Massachusetts.

4.      The plaintiff, Florize F. Reyes ("Reyes" or "Plaintiff"), is an individual residing in

Andover, Essex County, Massachusetts.

5.      The plaintiff, Regina C. Guides ("Guides" or "Plaintiff"), is an individual residing in

Lowell, Middlesex County, Massachusetts.

6.      The plaintiff, José Cláudio Corradini ("Corradini" or "Plaintiff"), is an individual residing

in Lowell, Middlesex County, Massachusetts.

7.     The plaintiff, Fábio Simi ("Simi" or "Plaintiff"), is an individual residing in Lowell, Middlesex County. Massachusetts.

8.     The plaintiff, Hermes Costa Santa Rosa ("Santa Rosa" or "Plaintiff"), is an individual residing in the city of Faxinal, in the state of Paraná, Brazil.

9.     The plaintiff, Luciana Baur ("Baur" or "Plaintiff"), is an individual residing in the city of Faxinal, in the state of Paraná, Brazil.

10.    The plaintiff, Selma Santa Rosa ("Santa Rosa" or "Plaintiff"), is an individual residing in the city of Faxinal, in the state of Paraná, Brazil.

11.    The defendant, Fastway Moving and Storage, Inc., ("Fastway" or "Defendant") is a corporation organized under the laws of Massachusetts, with a place of business at 155 West Street, Wilmington, Middlesex County, Massachusetts.

12.    Fastway has a registered agent at 167 Milk St., # 281, Boston, Suffolk County, Massachusetts.

**B. Facts Giving Rise to the Plaintiffs' Claims**

13.    On or about May 6, 2011, Norder and Correa Júnior went to the Fastway office in Wilmington.  They spoke to agents of Fastway named Diego Battistella ("Battistella") and Mayra Bonfim ("Bonfim").

14.    Norder and Correa Júnior told Battistella and Bonfim that they were interested in shipping personal items to Brazil.

15.    Battistella and Bonfim suggested that Norder and Correa Júnior ship their goods together in a twenty-foot container, and share the cost of the container.

16.    Battistella and Bonfim stated that Fastway would ship all items in a manner that

-3-

conformed to the laws of both the United States of America and Brazil.

17.     As of May 6, 2011, Fastway knew that Brazilian law did not allow one person to declare ownership of another person's belongings, when shipping items from abroad into Brazil.

18.     As of May 6, 2011, Fastway knew that Brazilian law did not allow different owners to ship personal items within the same shipping container.

19.     As of May 6, 2011, Fastway knew that Brazilian law did not allow goods to be shipped into the country using the manner in which Fastway suggested that Norder and Correa Júnior ship their items.

20.     On or about May 10, 2011, Fastway provided Norder and Correa Júnior with a written contract ("Written Contract").

21.     The Written Contract identified Fastway as the party being hired, and Norder and Correa Júnior as the hiring parties.

22.     The Written Contract listed Norder's address, phone and email for contact information.

23.     In the Written Contract, Fastway offered to perform shipping services ("Services").

24.     The Written Contract represented that Fastway would take an inventory of all items prior to shipment.

25.     The Written Contract represented that Fastway would ship items to Brazil.

26.     The Written Contract represented that Fastway would get all items shipped released from the port of arrival.

27.     The Written Contract represented that Fastway would arrange for transportation of the items to a designated final destination in Brazil.

28.     The Written Contract stated that the Services would include use of a twenty-foot

container, payment of customs, and insurance.

29.     Norder and Correa Júnior accepted Fastway's offer to perform the Services.

30.     On or about May 12, 2011, Norder gave Fastway a down payment for the Services.

31.     On or about May 12, 2011, Norder separately arranged for a payment of Brazilian currency to an agent of Fastway in Brazil.  This payment came from funds Norder held on deposit in Brazil, and was also a down payment for the Services.

32.     On or about May 12, 2011, in a conversation at Fastway's office, Battistella and Bonfim recommended to Norder and Correa Júnior that they find others to join them in sending items within the same shipping container, so they could spread the costs out among a group.  Battistella and Bonfim stated that this would not be a problem.

33.     Relying on Battistella and Bonfim's advice, Norder and Correa Júnior recruited the other Plaintiffs to join them in a combined shipment ("Shipment") of items to Brazil via Fastway.

34.     On or about June 26, 2011, Fastway representatives went to Norder's house to collect the Plaintiffs' items for shipping.

35.     Fastway representatives continued the process of collecting the Plaintiffs' items until June 29, 2011.

36.     An individual named Tales Andrade ("Andrade") acted as Fastway's supervisor in collecting the Plaintiffs' items.

37.     Fastway representatives packed the Plaintiffs' items into boxes.  On the outside of each box, Fastway representatives wrote the initials of the Plaintiff whose items were packed inside.  Fastway representatives labeled each box with a unique bar code.

38.     Fastway kept an inventory list of the items it accepted from the Plaintiffs for the

Shipment. Each line of the inventory was identified by the initials of the person shipping the goods listed on that line. Andrade signed the bottom of each page, and solicited Norder's signature at the bottom of each page.

39.     Andrade calculated a charge for each Plaintiff according to how many boxes that person was including in the Shipment.

40.     On or about June 27, 2011, Battistella told the Plaintiffs that because of the size of the Shipment, they would need to use a forty-foot container rather than one of only twenty feet.

41.     Battistella told the Plaintiffs that Fastway would make an additional charge for use of the larger container. Having had many of their items already packed and taken by Fastway, the Plaintiffs agreed to pay such a charge.

42.     Battistella offered the Plaintiffs storage at a Fastway warehouse, to allow time to come up with more items to ship in a forty-foot container.

43.     On or about June 28, 2011, the Plaintiffs gave Andrade a payment for the Services.

44.     On or about June 30, 2011, Norder delivered a payment for the Services to Battistella at the Fastway office.

45.     On or about July 19, 2011, Norder delivered a payment for the Services to Battistella at the Fastway office.

46.     On or about July 29, 2011, Fastway loaded boxes packed with the Plaintiffs' items into a forty-foot shipping container ("Container").

47.     Fastway placed a notice on the outside of the Container in which it identified the items packed inside as belonging to Correa Júnior.

48.     When it identified Correa Júnior as the owner of the items inside the Container, Fastway

-6-

knew that Brazilian authorities would not release the other Plaintiffs' items from the Container.

49.     On or about September 1, 2011, the Container arrived in Brazil.

50.     On or about October 7, 2011, Brazilian authorities sent Correa Júnior a summons to appear and answer for the items in the Container.

51.     A Fastway representative subsequently contacted Correa Júnior and instructed him to tell Brazilian authorities that all the items in the container belonged to him.

52.     A Fastway representative told Norder that Correa Júnior would have to tell Brazilian authorities that all the items in the Container belonged to him.

53.     On or about October 27, 2011, Correa Júnior met with Brazilian authorities.  He told them that he and others had combined to ship the items within the Container.

54.     Brazilian authorities subsequently released some boxes from the Container, which held items belonging to Correa Júnior.

55.     The remaining boxes in the Container have never been released.

56.     On or about November 18, 2011, a third party sent Correa Júnior a bill for storage of the unreleased items.

57.     Correa Júnior paid the storage bill in part, and remains liable for the balance.

58.     Since October of 2011, Norder has contacted Fastway on multiple occasions.  Fastway has failed to answer her questions about why it accepted the Shipment.

59.     Each of the Plaintiffs contributed towards payments to Fastway for the Services.

### Count 1 - Breach of Contract

60.     Fastway, Norder and Correa Júnior bargained for a Written Contract, in which Fastway promised to transport items to a final destination in Brazil, in exchange for the Plaintiffs'

promise to pay for Fastway's services.

61.     Fastway, Norder and Correa Júnior intended that the other Plaintiffs would participate in,

and benefit from, performance of the Written Contract.

62.     Fastway breached its obligations under the Written Contract.

63.     Fastway failed to perform the Written Contract in good faith.

64.     As a result of Fastway's actions, the Plaintiffs suffered damages.

## Count 2 - Fraud

65.     Fastway represented to Norder and Correa Júnior that it was able to lawfully ship their

items to Brazil within the same shipping container.

66.     Fastway represented to Norder and Correa Júnior that they could include items belonging

to other persons in the same shipping container that would hold their items.

67.     When accepting items from the other Plaintiffs for shipping, Fastway represented to those

Plaintiffs that they could include their items within the same shipping container as the one that

would hold Norder and Correa Júnior's items.

68.     Fastway knew that its representations were not true.

69.     The Plaintiffs reasonably relied on Fastway's representations.

70.     As a result of the Plaintiffs' reliance, they have suffered damages.

## Count 3 - Violation of G. L. c. 93A

71.     On or about January 12, 2012, the Plaintiffs, via counsel, sent a letter ("Demand Letter")

to Fastway.

72.     The Demand Letter identified each of the Plaintiffs.

73.     The Demand Letter stated that the Plaintiffs were making a demand on Fastway pursuant

to G. L. c. 93A.

74.    The Demand Letter described the facts alleged in this Complaint.

75.    The Demand Letter identified the value of the items shipped by each Plaintiff, the amounts paid to Fastway for the Services, and the damages suffered by Correa Júnior as a result of the storage bill.

76.    The Demand Letter asked that Fastway either fulfill its promise to deliver the items it had shipped, or return those items to their owners.

77.    The Demand Letter notified Fastway that if it did not perform its obligations under the Written Contract, and/or make full restitution to each of the Plaintiffs, within thirty days, the Plaintiffs could initiate a civil action.

78.    The Demand Letter notified Fastway that if the Plaintiffs initiated a civil action, Fastway could be liable for double or treble damages, as well as costs and attorney's fees.

79.    On or about January 22, 2012, Fastway sent the Plaintiffs' counsel a written response to the Demand Letter.

80.    In its response, Fastway denied liability and made no offer of settlement.

81.    Fastway's failure to perform the Written Contract in good faith, as alleged above, was an unfair or deceptive act.

82.    Fastway's commission of fraud, as alleged above, represented unfair or deceptive acts.

83.    As a result of Fastway's actions, the Plaintiffs suffered damages.

## Count 4 - Unjust Enrichment

84.    By paying Fastway for the Services, the Plaintiffs conferred a benefit on Fastway.

85.    By paying Fastway for the Services, the Plaintiffs incurred a detriment to themselves.

86.     Fastway solicited payment for Services it knew it could not perform.

87.     Fastway accepted items for delivery knowing that those items could not reach their intended destination.

88.     Fastway identified Correa Júnior to Brazilian authorities as the owner of all items inside the Container, knowing that was not true.

89.     Justice requires that Fastway return the money it collected for Services it could not perform.

90.     Justice requires that Fastway return the items which it accepted, knowing it could not deliver them to their intended destination.

91.     Justice requires that Fastway compensate Correa Júnior for damages he incurred as a result of Fastway identifying him as the owner of all items in the Container.

### Count 5 - Conversion

92.     Fastway exercised dominion over items belonging to each of the Plaintiffs.

93.     Fastway exercised dominion over the Plaintiffs' items after telling the Plaintiffs it could deliver their items to Brazil, when it knew this was not the case.

94.     Fastway exercised dominion over the Plaintiffs' items when it had no lawful obligation or authorization to do so.

95.     By exercising dominion over the Plaintiffs' items, Fastway deprived the Plaintiffs of the use and enjoyment of those items.

96.     Justice requires that Fastway return all of the Plaintiffs' items which it accepted for shipping and which have not reached their intended destination.

### Count 6 - Negligence

-10-

97.    Fastway owe the Plaintiffs a duty of reasonable care in performing the Services.

98.    By accepting items for shipment which could not, under Brazilian law, reach their intended destination, Fastway failed to exercise reasonable care.

99.    Fastway's failure to exercise reasonable care caused the Plaintiffs to suffer damages.

### Prayers for Relief

1.    The Plaintiffs respectfully request this honorable Court to award monetary damages sufficient to compensate for their losses, to award litigation costs, to award treble damages as allowed or required by statute, and to award attorney's fees and costs as allowed or required by statute.

2.    The Plaintiffs respectfully request this honorable Court to order the Defendant, Fastway Moving and Storage, Inc., to either secure the release of every item it accepted for shipment from the Plaintiffs and deliver that item to its intended destination, or to retrieve every one of the items accepted for shipment and return each one to its owner.

3.    The Plaintiffs respectfully request this honorable Court to award all other such relief as this Court finds just.

### Jury Request

The Plaintiffs respectfully request a trial by jury, on all matters for which they are entitled to a jury.

Respectfully Submitted,

JULIANA M. NORDER
DARCÍRIO CORREA JÚNIOR
ROBERTO A. de OLIVEIRA
FLORIZE F. REYES
REGINA C. GUIDES
JOSÉ CLÁUDIO CORRADINI
FÁBIO SIMI
HERMES COSTA SANTA ROSA
LUCIANA BAUR
SELMA SANTA ROSA

By Their Attorney,

Peter Cole
183 Harvard Ave., Suite 2A
Allston, MA 02134
(857) 559-1007
BBO # 667404

Dated: February 13, 2012

-12-

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF MIDDLESEX | DOCKET NO. MICV-2012-0507 |
|---|---|---|

| PLAINTIFF(S) Juliana M. Norder, Darcírío Correa Júnior, and eight others | DEFENDANT(S) Fastway Moving and Storage, Inc. |
|---|---|

| Plaintiff Atty | Peter Cole | | | | Type Defendant's Attorney Name |
|---|---|---|---|---|---|
| Address | 183 Harvard Ave., Suite 2A | | | | Defendant Atty | unknown |
| City | Allston | State | MA | Zip Code 02134 | Address | 155 West St., Unit 2 |
| | | | | | City | Wilmington | State MA | Zip Code 01887 |
| Tel. | +1 (857) 559-1007 | BBO# | 667,404 | | | |

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 Other (specify) - Fast Track | | | [ ] Yes [✓] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
#### (Attach additional sheets as necessary)

A.  Documented medical expenses to date:
    1.  Total hospital expenses                                  $ _____
    2.  Total doctor expenses                      $ _____
    3.  Total chiropractic expenses               $ _____
    4.  Total physical therapy expenses        $ _____
    5.  Total other expenses (describe)         $ _____
                                           Subtotal $ _____
B.  Documented lost wages and compensation to date     $ _____
C.  Documented property damages to date         $ _____
D.  Reasonably anticipated future medical expenses   $ _____
E.  Reasonably anticipated lost wages and compensation to date  $ _____
F.  Other documented items of damages (describe)      $ _____
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                              Total $ _____

### CONTRACT CLAIMS
#### (Attach additional sheets as necessary)

Provide a detailed description of claim(s):

| payment for bad-faith shipping services, value of lost property, liability for storage of items the defendant knew could not be released upon arrival in Brazil | TOTAL $ 140,767 |
|---|---|

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Peter Cole_          Date: Feb 13, 2012

A.O.S.C. 3-2007